FEDERAL DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

GARY VOLPE, MATTHEW F. SARTER, WAYNE RESNICK,
GEORGE ROA, ANGELO MURO, MICHAEL T. SPAE,
ESTATE OF STEVEN DORAN, THOMAS G. GUIRY,
DAVID B. CULLEN III, ALFRED THURSLAND,
RICHARD A. BLANC, GREGORY BARTOW,
PAUL J. RADZEWSKY, JOHN G. RUSS,
MICHAEL MIRENDA, JOSEPH SPERBER,
JOHN T. HOFFMANN, GERALD M. HOUCK III,
CHRISTOPHER L. BRANDIMARTE, PAUL KLECKA,
RICHARD C. GOTTERBARN, MATTHEW W. LOVE,
JOSEPH M. BARTOW, JR., LAWRENCE P. VETTER,
ROBERT P. CONTI,  JAMES DELAHUNTY, STEVEN T. WHITE,
SCOTT KRAMER, KENNETH R. BLUM, DENNIS BIANCANELLO
and all others Similarly situated,

**SUMMONS ISSUED**                          Plaintiffs,

- against -

NASSAU COUNTY, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY CIVIL SERVICE
COMMISSION, EDWARD MANGANO, in his individual
And official Capacity,

                                            Defendants.
-------------------------------------------------------------------------x

**COMPLAINT**
**CLASS ACTION**

**JURY TRIAL**
**REQUESTED**
**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N Y

★    MAY 1 5 2012    ★

**LONG ISLAND OFFICE**

*BIANCO, J.*

ORIGINAL
CV 12 2416

NATURE OF ACTION

l.            This is an action to secure injunctive and monetary relief from

discrimination because of sex in employment and rates of pay. More specifically, plaintiffs

allege that defendants have intentionally discriminated against them and members of

the class that they represent by paying them wages substantially lower than the wages

paid to women for the performance of substantially equal work in violation of the Equal

Pay Act, 29 U.S.C. § 206(d) *et seq.;* the New York State Equal Pay Act, N.Y. Labor Law §

194 *et seq.;* the Nassau County Government Law Section 1307; and 42 U.S.C.

1983.


JURISDICTION

2.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343(3) and 1343(4) conferring original jurisdiction upon this Court of any civil action to recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights; the Equal Pay Act of 1963, 29 U.S.C. • 206(d) *et seq.;* and 42 U.S.C. § 1983. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 on the ground that the acts challenged herein are also in violation of the laws of the State of New York, Labor Law § 194 *et seq.* and the Nassau County Government Law Section 1307.

## PLAINTIFFS

3.       Plaintiff Gary Volpe is a resident of Pennsylvania and has been employed by Nassau County as a Police Communication Operator since November 6, 1998 at which time he was a resident of Nassau County. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), the New York State Labor Law and the Nassau County Government Law.

4.       Plaintiff Matthew F. Sarter is a resident of Nassau County and has been employed as a Police Communication Operator since March 8, 1999. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"),  the New York State Labor Law and the Nassau County Government Law.

5.       Plaintiff Wayne Resnick is a resident of Nassau County and has been employed as a Police Communication Operator since December 26, 1994. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and Nassau County Government Law.

2

6. Plaintiff George Roa is a resident of Nassau County and has been employed as a Police Communications Operator since June 16, 1989.  At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), the New York State Labor Law and the Nassau County Government Law.

7.   Plaintiff Angelo Muro is a resident of Nassau County and has been employed as a Police Communication Operator since December 19, 1994.  At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

8.  Plaintiff Michael T. Spae is a resident of Nassau County and has been employed as a Police Communication Operator since October 30, 1981. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

9.  Plaintiff Estate of Steven Doran is a resident of Nassau County and has been employed as a Police Communication Operator since May 5, 1992. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

10. Plaintiff Thomas G. Guiry is a resident of Suffolk County and has been employed as a Police Communication Operator since December 1, 1989. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the

New York State

Labor Law and the Nassau County Government Law.

11. Plaintiff David B. Cullen III is a resident of Suffolk County and has been employed as a Police Communication Operator since May 5, 1992. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

12. Plaintiff Alfred Thursland is a resident of Suffolk County and has been employed as a Police Communication Operator since September 20, 1991. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

13. Plaintiff Richard A. Blanc is a resident of Nassau County and has been employed as a Police Communication Operator since September 20, 1991. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

14. Plaintiff Gregory Bartow is a resident of Nassau County and has been employed as a Police Communication Operator since September 20, 1991. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

15. Plaintiff Paul J. Radzewsky is a resident of Suffolk County and has been employed as a Police Communication Operator since September 20, 1991. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

4

16. Plaintiff John G. Russ is a resident of Nassau County and has been employed as a Police Communication Operator since September 30, 1994. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

17. Plaintiff Michael Mirenda is a resident of Nassau County and has been employed as a Police Communication Operator since December 26, 1994. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

18. Plaintiff Joseph Sperber is a resident of Nassau County and has been employed as a Police Communication Operator since September 8, 1998. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

19. Plaintiff John T. Hoffman is a resident of Nassau County and has been employed as a Police Communication Operator since September 7, 1990. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

20. Plaintiff Gerald M. Houck III is a resident of Nassau County and has been employed as a Police Communication Operator since March 8, 1999. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

21. Plaintiff Christopher L. Brandimarte is a resident of Nassau County and has been employed as a Police Communication Operator since May 24, 1996. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the

New York State Labor Law and the Nassau County Government Law.

22. Plaintiff Paul Klecka is a resident of Nassau County and has been employed as a Police Communication Operator since May 24, 1996. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

23. Plaintiff Richard C. Gotterbarn is a resident of Nassau County and has been employed as a Police Communication Operator since March 8, 1999. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

24. Plaintiff Matthew W. Love is a resident of Suffolk County and has been employed as a Police Communication Operator since December 19, 1994. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

25. Plaintiff Joseph M. Bartow, Jr. is a resident of Pennsylvania but was a resident of Nassau County when employed as a Police Communication Operator since December 1, 1988. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

26. Plaintiff Lawrence P. Vetter is a resident of Nassau County and has been employed as a Police Communication Operator since May 24, 1996. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

27. Plaintiff Robert M. Conti is a resident of Nassau County and has been employed as a Police Communication Operator since November 6, 1998. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

28. Plaintiff James Delahunty is a resident of Nassau County and has been employed as a Police Communication Operator since February 23, 2001. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

29. Plaintiff Steven T. White is a resident of Suffolk County and has been employed as a Police Communication Operator since December 3, 2003. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

30. Plaintiff Scott Kramer is a resident of Nassau County and has been employed as a Police Communication Operator since December 3, 2003. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

31. Plaintiff Kenneth R. Blum is a resident of Nassau County and has been employed as a Police Communication Operator since February 23, 2001. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the New York State Labor Law and the Nassau County Government Law.

32. Plaintiff Dennis Biancanello is a resident of Suffolk County and has been employed as a Police Communication Operator since April 12, 1996. At all times relevant he has been an employee as defined by the Equal Pay Act ("EPA"), and the

7

New York State Labor Law and the Nassau County Government Law.

## DEFENDANTS

33.     Defendant County of Nassau is a municipal corporation duly incorporated under the laws of the State of New York.

34.  Defendant Nassau County Police Department is the Agency of the County of Nassau to which Police Communications Operators ("PCOs") and Police Communication Operator Supervisors ("PCOSs") are assigned.

35.     Defendant Civil Service Commission is an agency of the County of Nassau and is responsible for the classification of county positions and establishment of compensation for county employees.

36.     Defendant Edward Mangano is the Nassau County Executive.

## COLLECTIVE ACTION

37.     With respect to their Equal Pay Act claim, plaintiffs bring this action pursuant to 29 U.S.C. § 206(d) *et seq.* on behalf of themselves and all other men similarly situated. The members of the class are all other men employed by the Nassau County Police Department as PCOs and/or PCOSs on or any time after three years prior to the commencement of the action entitled Ebbert et al v. Nassau County, et al  CV-0505445.

## CLASS ACTION

38.     With respect to claims raised pursuant to 42 U.S.C. § 1983, New York Labor Law ' 194 *et seq.,* and the claims under Nassau County Government Law, plaintiffs bring this action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of

Civil Procedure on behalf of all men similarly situated. The class is comprised of all men employed by the Nassau County Police Department as PCOs and/or PCOSs on or any time after six years prior to the commencement of an action entitled Ebbert et al v. Nassau County, et al, 05 CV 5445.

> 39.    The requirements of Rule 23 are met:

(a)  The members of the class, which number about 30, are too numerous to be joined.

(b)  Plaintiffs, all of whom are presently employed as PCOs, raise claims typical of the claims of the classes that they seek to represent.

(c)  Material questions of law and fact are common to the members of the class and a common relief is sought for all members of the class.

(d)  Plaintiffs will fairly and adequately represent and protect the interests of the classes. Plaintiffs' lawyers are experienced in the litigation of civil rights matters and will vigorously prosecute this action on behalf of the class.

(e)  Defendants have acted on grounds generally applicable to the class and appropriate injunctive and declaratory relief would apply to and benefit the class as a whole.

40.    Plaintiffs work for defendant, Nassau County, specifically for the Nassau County Police Department, as PCOs. Their duties include receiving telephone calls placed on the Nassau County 911 emergency system, deciding on the appropriate response to each call, and dispatching appropriate aid.

41.    There are approximately 172 PCOs and PCOSs of which over 90% are female.

9

46.     Prior to October 2001, PCOs were ranked at a salary grade 7 and PCOSs at salary grade 10 under the Nassau County Civil Service system.

47.     In October 2001, PCOs were elevated to salary grade 9 and PCOSs to salary grade 11.

48.     When PCOs and PCOSs were upgraded, they were not upgraded to their respective seniority step or in other words they were not given "vertical upgrades." Individuals thus lost seniority credit and concomitant pay increases that they would have received had they retained their seniority level with the grade increase.

49. At all times relevant, FCTs and FCTSs were ranked at salary grades 10 and 12 respectively.

50. On May 11, 2005, the Nassau County Legislature approved elevating the PCOs and PCOSs to grades 10 and 12 respectively, thereby equalizing them in grade with the FCTs and FCTSs.

51.     The PCOs and PCOSs continue to be paid less than FCTs and FCTSs of equal seniority as a consequence of the fact that they were not given vertical upgrades in 2001.

52.     At all times relevant to this complaint, on information and belief defendants paid PCOs and PCOSs between $1,500 and $10,000 less than FCTs and FCTSs of equal seniority for performing jobs of equivalent skill, effort, and responsibility.

53.     In or about 2005, Helen Ebbert and several other female PCO's commenced suit in Federal District Court under CV-05-5445 seeking equalization of pay to the FCTs and FCTSs for all female PCOs and PCOSs retroactive to November 18, 1999.

54.     By Final Order and Judgment granting the Ebbert Plaintiffs motion for certification of settlement class, final approval of a class action settlement and an award of Attorneys' fees, reimbursement of expenses and service awards dated December 22, 2011, Magistrate Judge A.

Kathleen Tomlinson approved and directed:

    a.  Within thirty (30) days of this Final Order, Defendants shall make back pay payments to each class member in the amount calculated by the Court-appointed expert.

    b.  Within thirty (30) days of the entry of this Final Order, Defendants shall pay to each individually named plaintiff twenty thousand ($20,000) dollars.

    c.  Within thirty (30) days of the entry of this Final Order, Defendants shall set aside fifty thousand ($50,000) dollars to cover the costs of administration of the Settlement Agreement.

    d.  Within thirty (30) days of the entry of this Final Order, Defendants shall pay class counsel fees as follows:  to Eisenberg & Schnell LLP, $355,000; to the Law Offices of Janice Goodman, $415,000.

    e.  Within  thirty (30) days of the entry of this Final Order, Defendants shall reimburse Calss Counsel costs as follows: to Eisenberg & Schnell LLP, $2,170.66; to the Law Offices of Janice Goodman, $130,080.98.

    f.  All claims asserted in the litigation and the claims of all class members who did not opt out are hereby dismissed.

    g.  This Court shall retain jurisdiction for two (2) years from the date of entry of this Final Order to preside over implementation of any settlement provisions.

55. The Ebbert litigation was settled for seven Million ($7,000,000) dollars exclusive of attorneys' fees.

56. The monies paid out to the female PCOs and PCOSs have made them higher paid than their male counterparts.

57. As a result of the aforesaid litigation, male PCOs are paid less than female PCOs.

11

58. This inequity of salary between male PCOs and female PCOs remains unabated to this date.

### FIRST CAUSE OF ACTION

59. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 58 as though set forth in their entirety above.

60. The acts, practices and policies of defendants Nassau County, Nassau County Police Department, and Nassau County Civil Service Commission, as set forth above, constitute ongoing discrimination against the individual plaintiffs and plaintiff class in violation of the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*

### SECOND CAUSE OF ACTION

61. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 58 as though set forth in their entirety above.

62. The acts, practices and policies of defendants Nassau County, Nassau County Police Department, and Nassau County Civil Service Commission, as set forth above, constitute ongoing discrimination against the individual plaintiffs and plaintiff class in violation of the New York State Equal Pay Act, N.Y. Labor Law § 194 *et seq.*

### THIRD CAUSE OF ACTION

63. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 58 as though set forth in their entirety above.

64. The acts, practices and policies of defendants Nassau County, Nassau County Police Department, and Nassau County Civil Service Commission, as set forth above, constitute ongoing discrimination against the individual plaintiffs and plaintiff class in violation of the Nassau County Government Law Section 1307.

### FOURTH CAUSE OF ACTION

65. Plaintiffs repeat and reallege each and every allegation contained in

12

paragraphs 1 through 58 as though set forth in their entirety above.

66.   The acts, practices and policies of defendant Edward Mangano and the other Defendants constitute ongoing intentional discrimination against the individual plaintiffs and plaintiff class in violation of 42 U.S.C. § 1983.

## DEMAND FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grants the following relief:

A.        Designate this action as a collective action;

B.        Designate this action as a class action;

C.        Find that defendants discriminated against plaintiffs in violation of the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.;*

D.        Find that defendants discriminated against plaintiffs in violation of New York State Equal Pay Act, N.Y. Labor Law § 194 *at seq.;*

E.        Find that defendants discriminated against plaintiffs in violation of Nassau County Government Law Section 1307;

F.        Find that defendant Edward Mangano, in his official capacity, discriminated against plaintiffs in violation of 42 U.S.C. § 1983;

G.        Enter a permanent injunction enjoining defendants from violating the Equal Pay Act, the New York State Equal Pay Act, the Nassau County Government Law §1307 and 42 U.S.C. § 1983 by paying male PCOs at rates lower than they pay females;

H.        Award plaintiffs the same monies and benefits as paid out to each of the female plaintiffs and class members in the Ebbert litigation;

I.        Award plaintiffs back pay together with all other benefits to which

13

plaintiffs are entitled, with prejudgment interest;

J.       Elevate plaintiffs to the seniority step equal to female PCOs and
PCOSs of equal seniority;

K.       Award plaintiffs liquidated damages due to defendants' willful and
intentional conduct directed at plaintiffs in violation of rights protected by N.Y.
Labor Law § 194 *et seq.;*

L.       Award compensative and punitive damages, in an amount to be
determined at trial, due to defendants' willful and intentional acts directed at
plaintiffs in violation of 42 U.S.C. §1983;

M.       Award Plaintiff's reasonable attorneys' fees, expenses and costs of this
proceeding;

N.       And Such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       April 30, 2012

                    LAW OFFICES OF LOUIS D. STOBER, JR., LLC.



                    By: LOUIS D. STOBER, JR. (LS9318)
                    Attorneys for Plaintiffs
                    350 Old Country Road
                    Garden City, New York  11530
                    (516) 742-6546

## VERIFICATION

STATE OF NEW YORK        )
                                              : ss.:
COUNTY OF NASSAU      )

Gary Volpe, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

MARLA ROWE
Notary Public, State of New York
No. 01RO619____
Qualified in Nassau County
Commission Expires January 12, 20__

GARY VOLPE

Sworn to before me this
___ day of May, 2012

Notary Public

15

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

Matthew F. Sarter, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

MATTHEW F. SARTER

Sworn to before me this
/5  day of May, 2012

Notary Public *Abbey Fink*
*Notary Public State of New York*
*No. 30-4725397*
*Qualified in Nassau County*
*Comm. Exp. 5/31/14*

16

# VERIFICATION

STATE OF NEW YORK    )
                              : ss.:

COUNTY OF NASSAU    )

        Wayne Resnick, being duly sworn deposes and says:

        I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

 

_____
WAYNE RESNICK

Sworn to before me this
___ day of May, 2012

_____
Notary Public

Alyssa F. Bomze
Notary Public - State of New York
No. 02BO6037788
Qualified in Suffolk County
My Comm. Expires Feb. 28, 20__

17

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NASSAU       )

George Roa, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_George Roa_
GEORGE ROA

Sworn to before me this
7 day of May, 2012

_Heather Anderson_
Notary Public

HEATHER ANDERSON
Notary Public, State of New York
No. 01AN6148344
Qualified in Nassau County
Commission Expires June 28, 20__

18

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

Angelo Muro, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

ANGELO MURO

Sworn to before me this
04 day of May, 2012

Notary Public

RODNEY B JOHNSON
Notary Public, State of New York
No. 01JU6179650
Qualified in Suffolk County
Commission Expires Jan. 22, 2016

19

STATE OF NEW YORK )
                             : ss.:
COUNTY OF NASSAU )

Michael T. Spae, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

MICHAEL T. SPAE

Sworn to before me this
2ᵗʰ day of May, 2012

Notary Public

**Janette S Marvelli**
**Notary Public, State of New York**
**No. 01MA4909851**
**Qualified in Suffolk County**
**Commission Expires November 2, 2014**

20

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NASSAU         )

Thomas Doran as Administrator for the Estate of Steven Doran, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

THOMAS DORAN, ADMINISTRATOR
FOR THE ESTATE OF STEVEN DORAN

Sworn to before me this
3 day of May, 2012

Notary Public

Alyssa F. Bomze
Notary Public - State of New York
No. 02BO6037788
Qualified in Suffolk County
My Comm. Expires Feb. 28, 20 14

21

STATE OF NEW YORK )
: ss.:
COUNTY OF NASSAU )

Thomas G. Guiry, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

THOMAS G. GUIRY

Sworn to before me this
2nd day of May, 2012

Notary Public

Janette S Marvelli
Notary Public, State of New York
No. 01MA4909851
Qualified in Suffolk County
Commission Expires November 2, 2014

22

STATE OF NEW YORK     )
                                : ss.:
COUNTY OF NASSAU     )

      David B. Cullen III, being duly sworn deposes and says:

      I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_David B. Cullen III_
DAVID B. CULLEN III

Sworn to before me this
3rd day of May, 2012

ANNETTE DORIA
NOTARY PUBLIC, State of New York
No. 01DO5064132
Qualified in Suffolk County
Commission Expires August 12, 2014

_Annette Doria_
Notary Public

STATE OF NEW YORK      )
                                        : ss.:
COUNTY OF NASSAU      )

Alfred Thursland, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

ALFRED THURSLAND

Sworn to before me this
/st day of May, 2012

Notary Public Abbey Fink
Notary Public State of New York
No. 30-4725397
Qualified in Nassau County
Comm. Exp. 5/31/14

24

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NASSAU           )

Richard A. Blanc, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

RICHARD A. BLANC

Sworn to before me this
/ST day of May, 2012

Notary Public *Abbey Fink*
Notary Public State
No. 30 - 4725397
Qualified in Nassau County
Comm. Exp. 5/31/14

STATE OF NEW YORK )
                           : ss.:

COUNTY OF NASSAU )

      Gregory Bartow, being duly sworn deposes and says:

      I am the plaintiff in the within action; I have read the annexed Summons and

Complaint, know the contents thereof, and the same are true to my knowledge, except

those matters therein which are stated to be alleged on information and belief, and as to

those matters, I believe them to be true.

 

                                         GREGORY BARTOW

Sworn to before me this
1st day of May, 2012

Notary Public  *Abbey Fink*
*Notary Public State of New York*
*No. 30 - 4725397*
*Qualified in Nassau County*
*Comm. Exp 5/31/14*

26

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NASSAU           )

Paul J. Radzewsky, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

PAUL J. RADZEWSKY

Sworn to before me this
2nd day of May, 2012

Notary Public

Janette S Marvelli
Notary Public, State of New York
No. 01MA4909851
Qualified in Suffolk County
Commission Expires November 2, 2014

27

STATE OF NEW YORK    )
                           : ss.:
COUNTY OF NASSAU    )

John G. Russ, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
JOHN G. RUSS

Sworn to before me this
2nd day of May, 2012

_____
Notary Public

**Janette S Marvelli**
**Notary Public, State of New York**
**No. 01MA4909851**
**Qualified in Suffolk County**
**Commission Expires November 2, 2014**

28

STATE OF NEW YORK )
: ss.:
COUNTY OF NASSAU )

Michael Mirenda, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

MICHAEL MIRENDA

Sworn to before me this
10 day of May, 2012

Notary Public

Alyssa F. Bomze
Notary Public - State of New York
No. 02BO6037788
Qualified in Suffolk County
My Comm. Expires Feb. 28, 2014

29

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NASSAU       )

Joseph Sperber, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and

Complaint, know the contents thereof, and the same are true to my knowledge, except

those matters therein which are stated to be alleged on information and belief, and as to

those matters, I believe them to be true.

_____
JOSEPH SPERBER

Sworn to before me this
2 day of May, 2012

_____
Notary Public

KEN ALTMAN
Notary Public - State of New York
No. 01AL6207042
Qualified in Nassau County
My Commission Expires June 8, 2013

30

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NASSAU       )

John T. Hoffman, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

JOHN T. HOFFMAN N

Sworn to before me this
2nd day of May, 2012

Kathryn J. Whaley
Notary Public, State of New York
No. 01WH6238935
Qualified in Nassau County
Commission Expires April 11, 20 15

Notary Public

31

STATE OF NEW YORK    )
                              : ss.:
COUNTY OF NASSAU    )

Gerald M. Houck III, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

GERALD M. HOUCK III

Sworn to before me this
2__ day of May, 2012

Notary Public

Janette S Marvelli
Notary Public, State of New York
No. 01MA4909851
Qualified in Suffolk County
Commission Expires November 2, 2014

32

STATE OF NEW YORK )
                           : ss.:
COUNTY OF NASSAU )

Christopher L. Brandimarte, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
CHRISTOPHER L. BRANDIMARTE

Sworn to before me this
2nd day of May, 2012

_____
Notary Public

Janette S Marvelli
Notary Public, State of New York
No. 01MA4909851
Qualified in Suffolk County
Commission Expires November 2, 2014

33

STATE OF NEW YORK    )
                       : ss.:
COUNTY OF NASSAU    )

Paul Klecka, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
PAUL KLECKA

Sworn to before me this
2nd day of May, 2012

_____
Notary Public

**Janette S Marvelli**
Notary Public, State of New York
No. 01MA4909851
Qualified in Suffolk County
Commission Expires November 2, 2014

34

STATE OF NEW YORK    )
                      : ss.:
COUNTY OF NASSAU    )

Richard C. Gotterbarn, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
RICHARD C. GOTTERBARN

Sworn to before me this
⁀ᵗʰ day of May, 2012

_____
Notary Public

MARGO GANNES
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02GA6159039
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES JANUARY 16, 2015

35

STATE OF NEW YORK   )
                           : ss.:
COUNTY OF NASSAU   )

Matthew W. Love, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
MATTHEW W. LOVE

Sworn to before me this
10   day of May, 2012

_____
Notary Public

Alyssa F. Bomze
Notary Public - State of New York
No. 02BO6037788
Qualified in Suffolk County
My Comm. Expires Feb. 28, 2014

36

STATE OF NEW YORK       )
                                         : ss.:
COUNTY OF NASSAU       )

Joseph M. Bartow, Jr., being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
JOSEPH M. BARTOW, JR.

Sworn to before me this
    day of May, 2012
        4th

_____
Notary Public

NOTARIAL SEAL
DENISE K STRUBHAR
Notary Public
JACKSON TWP., LEBANON COUNTY
My Commission Expires Mar 29, 2014

37

STATE OF NEW YORK    )
                              : ss.:

COUNTY OF NASSAU    )

Lawrence P. Vetter, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                                   LAWRENCE P. VETTER  5/3/12

Sworn to before me this
3rd day of May, 2012

Notary Public

BILL VASSILAKIS
Notary Public, State of New York
No. 01VA6015816
Qualified in Nassau County
Commission Expires March 15, 2015

38

39

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NASSAU       )

James Delahunty, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
JAMES DELAHUNTY

Sworn to before me this
1st day of May, 2012

_____
Notary Public Abbey Fink
Notary Public State of New York
No. 30-4725397
Qualified in Nassau County
Comm. Exp. 5/31/14

40

STATE OF NEW YORK      )
                                            : ss.:
COUNTY OF NASSAU      )

Steven T. White, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
STEVEN T. WHITE

Sworn to before me this
2nd day of May, 2012

_____
Notary Public

**Janette S Marvelli**
**Notary Public, State of New York**
**No. 01MA4909851**
**Qualified in Suffolk County**
**Commission Expires November 2, 2014**

41

STATE OF NEW YORK      )
                                            : ss.:
COUNTY OF NASSAU      )

Scott Kramer, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.


_____
SCOTT KRAMER

Sworn to before me this
2nd day of May, 2012


Notary Public

**Janette S Marvelli**
**Notary Public, State of New York**
**No. 01MA4909851**
**Qualified in Suffolk County**
**Commission Expires November 2, 2014**

STATE OF NEW YORK )
                         : ss.:

COUNTY OF NASSAU )

Kenneth R. Blum, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

KENNETH R. BLUM

Sworn to before me this
7th day of May, 2012

Notary Public

JACQUELINE M. WALTON
NOTARY PUBLIC, State of New York
No. 4358222
Qualified in Nassau County
Comm. Exp. Oct 30, 2013

43

STATE OF NEW YORK    )
                            : ss.:
COUNTY OF NASSAU   )

Dennis Biancanello, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

DENNIS BIANCANELLO

Sworn to before me this
10 day of May, 2012

Notary Public

Alyssa F. Bomze
Notary Public   State of New York
No. 02BO6037788
Qualified in Suffolk County
My Comm. Expires Feb. 28, 20__